Case: 1:23−mj−00114
Assigned To : Upadhyaya, Moxila A.
Assign. Date : 6/5/2023
Description: Complaint W/ Arrest Warrant

## STATEMENT OF FACTS

On June 1, 2023, law enforcement officers executed a United States District Court for the District of Columbia premises search warrant at 3545 Stanton Road Southeast Washington, D.C. 20020. The warrant's supporting affidavit was based on probable cause to believe that an individual who had recently been indicted for a drug distribution conspiracy was frequenting that location and that relevant evidence would be recovered at that location.

Once on scene, law enforcement conducted a knock and announce. The female leaseholder stated that she was coming and ultimately opened the front door of the residence. Law enforcement then cleared the premises and secured all additional occupants: the two minor children of the female leaseholder as well as Earl Isaac III, a/k/a Earl Isaac (the defendant), who was lying down on the living room floor of the premises when law enforcement made entry. The indicted individual was not present at the premises as he had already been arrested.

The premises was searched, and the following items were located and seized:

- .40 caliber, Glock 22 firearm, bearing serial number XUG922, affixed with a suspected machine gun conversion device ("MGCD") located under the bathroom sink. The firearm was loaded with a high-capacity magazine containing 22 rounds of .40 caliber ammunition, and one round of .40 caliber ammunition loaded inside of the chamber.
- Over 100 small, round, blue pills inscribed with "M30" were located throughout the premises. Specifically, six pills were located in the front right coin pocket of Isaac's jeans, which initially were in the master bedroom before he put on the jeans to leave the premises after his arrest; three pills were located in Isaac's backpack, which was also located in the master bedroom; one pill located on the floor of the master bedroom; and numerous blue pills were located on the kitchen counter
- Approximately $2,020.00 located in the front left pocket of Isaac's jeans
- Approximately 2,680.00 grams of suspected marijuana located in common areas of the premises.

The small, round, blue pills are suspected to be fake oxycodone pills that contain fentanyl because no prescription bottles or packaging was found in the premises and your affiant is aware that fake oxycodone pills often contain fentanyl and are pressed with "M30" to give the appearance of legitimate oxycodone pills. The green leafy substance is suspected marijuana based on its appearance. Both were turned over to the United States Postal Inspection Service for further forensic examination by their laboratory.

The firearm was processed by ATF and Secret Service. A WALES/NCIC check of the serial number "XUG922" revealed that the firearm is unregistered. Further, the firearm appears to be equipped with a MGCD, which renders the firearm into a machinegun, that is, the ability to fire more than a single round with one pull of the trigger.

A custodial interview was later conducted with Isaac. The defendant waived his *Miranda* rights and communicated with investigators. Among other things, the defendant stated that the

Glock firearm was his and that he had received it on "Tuesday". The defendant also stated that he received the Glock firearm with the MGCD affixed and that he knew he was a convicted felon. The defendant stated there were 22 rounds of ammunition in the magazine of the firearm, with one loaded inside the chamber. The defendant further stated that the blue pills recovered in his pants pocket and backpack were his, along with the approximate $2020.00. The defendant stated that he believed the pills to be "Percocet" pills, that he uses the pills, and that he last took one "last night".

The defendant was previously convicted and sentenced to a 14-month suspended period of incarceration under the Youth Rehabilitation Act with a one-year probationary term in D.C. Superior Court case 2021CF2006878 for Carrying a Pistol Without a License on October 28, 2022. As a result, the defendant was on probation when the events described herein occurred and he was previously convicted of an offense punishable by a term exceeding one year of incarceration, which makes it illegal for him to possess any firearms or ammunition.

There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

Based on the foregoing, your affiant submits that there is probable cause to believe that the defendant violated 18 U.S.C. § 922(g)(1), which makes it a crime for any person who has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

_____
ATF Special Agent Edward Viverette

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this  5th    day of June, 2023.*

_____
HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE